# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERNEST MILLER, | ) | 1:07-cv-01152 LJO GSA |
| | ) | |
| Plaintiff, | ) | SECOND ORDER REQUIRING PLAINTIFF TO SUBMIT APPLICATION TO PROCEED IN FORMA PAUPERIS **OR** PAY FILING FEE |
| v. | ) | |
| KING HARRIS PUBLICATIONS MAGAZINE, | ) | |
| Defendant. | ) | |

Plaintiff, a state prisoner proceeding pro se, filed the instant action on August 9, 2007. However, Plaintiff did not file an application to proceed in forma pauperis or pay the filing fee. Accordingly, on January 9, 2008, the Court ordered Plaintiff to submit an application to proceed in forma pauperis, along with all necessary documentation, or pay the $350.00 filing fee, within thirty (30) days of the date of service of that order.  The Clerk of the Court sent Plaintiff the appropriate application.  Plaintiff was notified that failure to comply with the Court's January 9, 2008, order would result in a recommendation that this action be dismissed.

To date, Plaintiff has not paid the filing fee or filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Instead, Plaintiff filed a "Motion To Lodge" on October 22, 2007, and filed two documents entitled "Motion To Be Lodged" on January 18, 2008. (Documents 5, 7 and 8.)  In his January 18, 2008, Motion To Be Lodged (Document 7), Plaintiff

1

1  alleges that he sent out the in forma pauperis forms to the trust office on January 13, 2008,
2  through a guard picking up the mail, and that there has been "mail tamporing[1]."  The Court
3  cannot compel the trust account office to complete and submit Plaintiff's application.  By this
4  order, however, Plaintiff shall be provided with thirty additional days within which to comply
5  with the Court's order of January 9, 2008.  In the Court's experience, each prison has a procedure
6  for submitting applications to proceed in forma pauperis.  Although it may take some time for the
7  prison to complete the form and send it to the court, utter noncompliance by prison officials in
8  this area is not a problem this Court has encountered before.  Plaintiff shall show this order to his
9  correctional counselor, request further instruction, and comply with whatever instructions are
10 given.  In the event that Plaintiff's application is currently pending with the trust account office,
11 it is requested that Plaintiff's counselor seek the status and inform Plaintiff of the status.
12          Based on the foregoing, Plaintiff is granted an extension of **thirty (30) days** from the date of service of this order within which to comply with the Court's Order of January 9, 2008.
13 Failure of Plaintiff to comply with the Court's order will result in a recommendation that this action be dismissed.  Plaintiff also shall show a copy of this order to his correctional counselor,

   IT IS SO ORDERED.

   Dated:    **January 25, 2008**            /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff further alleges in his Motion to Lodge (Document 5) and in his Motions to Be Lodged (Documents 7 and 8) that he has not been receiving his mail or magazines and that his outgoing mail has not left the prison because of alleged "mail tamporing" or "mail fraud" by prison guards.  However, Plaintiff's present complaint appears to involve the alleged conduct of King Harris Publications Magazine.  If Plaintiff wishes to pursue claims for relief under section 1983 based on the conditions of confinement related to alleged mail tampering in the prison facility that violate his constitutional rights, Plaintiff may file a separate complaint.

2