**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERNEST MILLER, | ) | 1:07-cv-01152 LJO GSA |
| | ) | |
| | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS |
| Plaintiff, | ) | RECOMMENDING ACTION BE DISMISSED, |
| | ) | WITH PREJUDICE, FOR FAILURE TO |
| v. | ) | STATE A CLAIM UPON WHICH RELIEF |
| | ) | MAY BE GRANTED |
| KING HARRIS PUBLICATIONS | ) | |
| MAGAZINE, | ) | (Document 1) |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

I.    Screening Order

Plaintiff Ernest Miller ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 9, 2007.

A.    Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1)-(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to

1

state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Plaintiff's claims

Plaintiff was housed at Corcoran State Prison and High Desert State Prison when the events at issue in this action allegedly occurred. Plaintiff is seeking money damages from King Harris Publications Magazine, a magazine publisher.

Plaintiff's claims arise from an order he placed, and paid for, with King Harris Publications Magazine for a one-year magazine subscription. Plaintiff alleges that King Harris Publications Magazine failed to provide him with his magazine subscription. Plaintiff contends that he was treated in this manner because he is a black male in prison from the low income California cities.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.) Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that

causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44.

King Harris Publications Magazine is a private company from whom plaintiff ordered a magazine subscription, and it is not liable under section 1983, which provides a cause of action against government actors. Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295, 121 S.Ct. 924, 930 (2001); Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746-47 (9th Cir. 2003); Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999); Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). Further, failing to provide plaintiff with a single magazine subscription does not rise to the level of a constitutional violation. Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.

    C.    Conclusion

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The deficiencies are not curable, Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000), and the court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

1  IT IS SO ORDERED.

2  Dated:   **February 29, 2008**              /s/ **Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE